(No. 4071—

MANDEL & KAISER, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 21, 1948.*

HAROLD T. BERG, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, and HON. C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

ECKERT, C. J.

The claimant, Mandel & Kaiser, a corporation, is engaged in the architectural business in the City of Chicago, Illinois. In its complaint filed on February 6, 1948,

it alleges that during the year 1947 it received from the Division of Waterways, Department of Public Works and Buildings, of the State of Illinois, a copy of specifications for the building of an animated architectural scale model of the Ruby Street Bridge located in Joliet, Illinois; that thereafter it submitted a proposal for the construction of such model to Arthur O. Stauder, bridge engineer, employed in the Division of Waterways, Department of Public Works and Buildings of the State of Illinois; that such proposal was submitted prior to February 15, 1947 as required by the specifications.

Claimant further alleges that its proposal was accepted by W. A. Rosenfield, Director of the Department of Public Works and Buildings of the State of Illinois, on March 12, 1947; that upon acceptance of its proposal claimant obtained aerial photographs of the Ruby Street Bridge, and upon blowing up these photographs to scale, discovered that the specifications provided for a model size too small to make the necessary exhibits as required by the original specification order; that Arthur O. Stauder, bridge engineer, examined this detail, concurred in the conclusions of the claimant, and ordered that the total size of the completed model, including approaches, be increased to eight by sixteen feet to fit the constructed model to the actual needs of the State.

The claimant further alleges that the increased cost of such modification was to be submitted in a composite statement after delivery and acceptance of the model; that claimant increased the model size as ordered, in the time required; that the model was accepted as satisfactory on July 31, 1947 by Arthur O. Stauder, bridge engineer; and that said Arthur O. Stauder was the authorized agent of the respondent in all of these transactions. Claimant further alleges that the modification

necessarily increased the cost of the completed model in the amount of $3,367.55; that after delivery of the model, claimant's original estimate in the amount of $5,559.00 was paid to claimant by the respondent, but that its claim for the additional amount was refused.

The respondent has filed its motion to dismiss the complaint on the grounds that the claimant's contract with the respondent was completed in accordance with its terms; that the material provisions of that contract can not be changed or waived by an administrative assistant without power to contract for the respondent; and that the alleged increase o fthe contract price is illegal and in contravention of the Illinois statutes because it is in excess of the funds provided by appropriation.

This Court has frequently held that the powers of a director of a department can not be exercised by an administrative employee of the department. *Busekrus* vs. *State,* 13 C.C.R. 59; *Richardson* vs. *State,* 14 C.C.R. 3. In the case of *L. B. Strandberg and Son Co.* vs. *State,* 13 C.C.R. 49, the Court stated:

"The court is of the opinion that the duties of C. M. Hathaway, the construction engineer, were purely administrative; that his attempt to waive the release provision of the contract was not an administrative act, but was an attempt to exercise the power of the Director of the Department to contract on behalf of the State of Illinois. To conclude otherwise would enable an employee of a department to contract an indebtedness against the State wholly without authority."

Nor could the bridge engineer in this case exercise the power of the director of the department to contract on behalf of the State of Illinois. A contract entered into by the Director of Public Works and Buildings, in accordance with statute, can not be modified at will by an employee of the department. Where public officers derive their powers from statute, all persons dealing with

them are bound to take notice of the statutory limitations, and are bound to see that such officers are acting within the scope of their authority. *L. B. Stranberg and Son Co.* v. *State,* supra.

It is not necessary to consider the other contentions of the respondent, because the Court is of the opinion that the modification of the contract in question was without authority binding upon the respondent. The motion of the respondent is therefore granted. Case dismissed.